Filed 11/23/22  P. v. Huertablancas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095347 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE019499) |
| v. | |
| JOSE HUERTABLANCAS, | |
| Defendant and Appellant. | |

Defendant Jose Huertablancas agreed to plead guilty to two counts of committing a lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a)—counts one & two)[1] with a sentence to range between six and 10 years.  The trial court imposed an aggregate term of 10 years, including the upper term of eight years on count one.  Defendant appealed, asserting the trial court improperly used aggravating factors that were speculative and not supported by substantial evidence.  After the parties' initial briefing was completed, we granted defendant's request for supplemental briefing on the

---

[1]    Undesignated statutory references are to the Penal Code.

application of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).

Defendant contends and the People concede that Senate Bill 567 applies retroactively to this case and requires remand for resentencing under section 1170, subdivision (b). Because we agree, we will vacate defendant's sentence and remand for resentencing. We otherwise affirm the judgment.

BACKGROUND

On July 23, 2021, defendant agreed to plead guilty to two counts of committing a lewd or lascivious act on a child under the age of 14 for a sentence ranging from six to 10 years.

The People stated the factual basis for the plea to counts one and two, as follows: "Between the dates of August 1st, 2008, and September 30th, 2011, the defendant[,] who was the stepfather of [K.], who was the age of 10 to 13 years old during that time. He would approach [K.] while she was sleeping, and he would touch her vagina over her clothes, and he would do this one to three times a week during that entire period, and he did this with intent of arousing himself."[2]

On December 3, 2021, the trial court sentenced defendant to the upper term of eight years on count one and two years (one-third of the midterm) consecutive on count two, for a total aggregate term of 10 years.

As factors in aggravation, the trial court stated the crime involved great bodily harm (rule 4.421(a)(1));[3] the victim was particularly vulnerable (rule 4.421(a)(3)); the crime was committed in a sophisticated manner (rule 4.421(a)(8)); and defendant took advantage of a position of trust. (Rule 4.421(a)(11).)

---

[2] Pursuant to California Rules of Court, rule 8.90(b)(4), (10), we refer to the victim as "K."

[3] All rule references are to the California Rules of Court.

2

In mitigation, the trial court considered that defendant had an insignificant record of criminal conduct (rule 4.423(b)(1)) and had apologized to the victim. (Rule 4.423(c).)

The trial court also observed that the district attorney had charged 10 counts and could have charged more, because the offenses occurred several times a week over a period of approximately two to three years. The court further noted that during a pretext call, defendant indicated that he touched the victim's legs twice but was trying to get to her vagina out of "curiosity." The court called a stepfather's curiosity about what an 11- to 13-year-old girl's vagina feels like "perverted" and "sick." The court observed that the traumatic aftereffects for the victim would continue indefinitely.

Defendant filed a timely appeal of the sentence.

DISCUSSION

In supplemental briefing, defendant contends that Senate Bill 567 applies retroactively to this case and that none of the aggravating factors the trial court cited in sentencing qualify as proper factors on which to base an upper term sentence under section 1170, subdivision (b), as amended by that bill. The People concede that Senate Bill 567 is retroactive and the trial court's imposition of the upper term on count one failed to comply with the amended version of section 1170, subdivision (b). The People further concede that the error is not harmless. Accordingly, the parties agree, as do we, that remand for resentencing is required.[4]

Less than a month after defendant was sentenced, Senate Bill 567, effective January 1, 2022, amended section 1170, subdivision (b) to make the middle term the presumptive sentence and placed restrictions on the trial court's discretion to impose an upper term sentence. As relevant here, the trial court may impose the upper term where

---

[4]    Defendant has not abandoned his contention that the aggravating factors cited by the court were speculative and not supported by substantial evidence. We need not reach this contention, given our conclusion that remand under the new legislation is required.

3

the facts underlying any aggravating circumstances justifying a sentence exceeding the middle term "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by a judge in a court trial." (§ 1170, subd. (b)(2).)

We join numerous courts holding that section 1170, subdivision (b), as amended by Senate Bill 567, applies retroactively to cases not final on appeal, such as defendant's. (See, e.g., *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108-1109 (*Zabelle*).)

Applying Senate Bill 567, it is undisputed that no facts underlying the aggravating circumstances cited at sentencing were found true beyond a reasonable doubt by a jury or a court in a bench trial. However, defendant admitted the factual basis the prosecutor stated for defendant's guilty plea, i.e., that defendant, the stepfather of the victim, touched the victim's vagina over her clothes one to three times a week during a three-year period when she was between the ages of approximately 10 to 13 years old. We conclude that these facts are sufficient to support the aggravating factor of abuse of trust (rule 4.421(a)(11)) that the trial court cited in sentencing, but they cannot be construed as admissions that defendant caused great bodily harm, the victim was particularly vulnerable, or that defendant committed the crimes in a sophisticated manner. Thus, it was error under section 1170, subdivision (b), as amended by Senate Bill 567, to impose an upper term based on three aggravating circumstances where the underlying facts were not proved beyond a reasonable doubt or admitted by defendant.

The next question is whether the error was prejudicial, a two-step process to determine whether the error was harmless under (1) the Sixth Amendment; and (2) section 1170, subdivision (b), as amended by Senate Bill 567. (*Zabelle, supra*, 80 Cal.App.5th at p. 1113.)

Under the Sixth Amendment, a fact that exposes defendant to a greater potential sentence must be found by a jury beyond a reasonable doubt. (*Zabelle, supra*, 80 Cal.App.5th at p. 1110; *Cunningham v. California* (2007) 549 U.S. 270, 281 [166

4

L.Ed.2d 856, 868.) However, if a reviewing court concludes—applying the standard of *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711], requiring reversal unless the error is harmless beyond a reasonable doubt—that a jury would have found at least a single aggravating factor true beyond a reasonable doubt, a Sixth Amendment error is harmless. (*Zabelle*, at pp. 1111-1112; *People v. Sandoval* (2007) 41 Cal.4th 825, 839 (*Sandoval*).) Here, we concluded that defendant stipulated to abuse of trust (rule 4.421(a)(11)) as part of the factual basis of his plea. Therefore, we also conclude a jury would have found this aggravating factor true beyond a reasonable doubt. Denial of defendant's right to a jury trial on aggravating circumstances was harmless in terms of a Sixth Amendment violation. (*Zabelle*, at p. 1113.)

Turning to sentencing error under amended section 1170, subdivision (b), we reach the opposite conclusion. Here, we apply the standard in *People v. Watson* (1956) 46 Cal.2d 818 for errors involving violations of state law; that is, reversal is required if it is reasonably probable that a result more favorable to the appealing party would have resulted in the absence of error. (*Id*. at p. 836; *Zabelle, supra*, 80 Cal.App.5th at pp. 1110, 1113-1114.) Thus, while we conclude that the trial court *could* have imposed an upper term based on one aggravating circumstance, we also must also consider whether the court *would* have imposed the aggravated term under *Watson*. (*Zabelle*, at p. 1112.) Although we are satisfied that defendant stipulated to one aggravating factor cited in sentencing, we are not persuaded that the trial court would have imposed the upper term based on this factor alone.

To that point, while giving great weight to defendant's abuse of trust, the trial court appeared to focus on the mental harm to the victim, which it described as "great bodily harm" under rule 4.421(a)(1). Based on statements K. and her mother made at the sentencing hearing, the court said that "this crime is still fresh in everybody's mind," and "[i]t's not going away any time soon." The court expressed hope that K. would "get appropriate therapy" to cope with the "flashbacks" K. described in her statement. Given

5

what K. endured, the court asked, "How do they have a life?  How do they have a job?  How do they go throughout their day knowing that something might trigger a flashback?"  The court endeavored to explain the application of rule 4.421(a)(1) to these facts, remarking that "many times we just think about, was there physical harm?"  But "[t]here is mental harm in this case and it's not going away any time soon."  The court continued: "The physical harm is what we normally think about, you know, stitching, tearing, anything like that, but the mental harm is really significant in this case."

The People suggest that the trial court may have meant the portion of rule 4.421(a)(1) referring to a crime that involved "other acts disclosing a high degree of cruelty, viciousness, or callousness."  Assuming the latter phrase includes mental harm, it is clear from the statements quoted above from the transcript that the court referred to the term "great bodily harm" in rule 4.421(a)(1), and erroneously interpreted that term contrary to the express language of the rule.  (See CALCRIM No. 821 [pattern child abuse instruction defining "*Great bodily harm*" to mean "significant or substantial physical injury"]; CALCRIM No. 830 [same definition for elder abuse instruction]; see also § 387, subd. (b)(5) [defining " 'Great bodily harm' " as "a significant or substantial physical injury"].)  Defined as "significant or substantial physical injury," there was no factual basis for a finding of "great bodily harm" where defendant's criminal acts consisted of touching K.'s vagina over her clothes.  Thus, an aggravating factor emphasized by the sentencing court did not apply at all.

We would be speculating to conclude that the trial court would have imposed the upper term knowing that, not only was the mental harm K. suffered not found true beyond a reasonable doubt or stipulated to by the defendant, as now required, but that the rule cited did not apply to mental harm.

To be sure, "the trial court is not limited to the aggravating circumstances listed in the [court] rules." (*People v. Black* (2007) 41 Cal.4th 799, 817; rule 4.408(a).)  However, "[a]ggravating circumstances considered by the trial court that are not set out in the rules

6

are not subject to clear standards, and often entail a subjective assessment of the circumstances rather than a straightforward finding of facts." (*Sandoval, supra*, 41 Cal.4th at p. 840.) "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Ibid.*; *People v. Wandrey* (2022) 80 Cal.App.5th 962, 983, review granted Sept. 28, 2022, S275942.)

"Mental harm," as articulated by the trial court here, is an aggravating circumstance based on a vague or subjective standard. Further, as recognized by the court in *Wandrey*, the aggravating circumstance that "the victim was *particularly* vulnerable" (rule 4.421(a)(3), italics added) is also subjective where, as here, the victim suffered lewd and lascivious acts starting when she was a pre-teen. (*People v. Wandrey, supra*, 80 Cal.App.5th at p. 983, rev.gr. [citing *Sandoval, supra*, 41 Cal.4th at p. 840].) The subjective nature of these two aggravating circumstances cited by the trial court in sentencing furnishes another reason why the court's error was not harmless under *Watson*.[5]

In sum, we cannot say with the requisite amount of certainty that the trial court would have imposed an upper term sentence based on defendant's stipulation to the facts underlying one aggravating factor, where one of the other three factors was cited in error, and all three were subjective in nature. Therefore, we must reverse and remand to the

---

[5] The trial court's explanation for the application of the aggravating circumstance that the crime was committed in a sophisticated manner (rule 4.421(a)(8)) also indicates the vague and subjective nature of this factor: "You committed these crimes in a *somewhat* sophisticated manner because you waited and thought and hoped that she would be asleep while you enjoyed and received some sexual gratification out of touching a young girl." (Italics added.)

trial court.  (See *Zabelle, supra*, 80 Cal.App.5th at p. 1115 ["reviewing court must 'reverse where it can determine whether the improper factor was determinative for the sentencing court' "], quoting *People v. Avalos* (1984) 37 Cal.3d 216, 233.)

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court for resentencing consistent with section 1170, subdivision (b), as amended.  Following resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


      KRAUSE      , J.


I concur:


      ROBIE      , Acting P. J.


I concur in the result:


      MAURO      , J.